UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
                                :
UNITED STATES OF AMERICA        :
                                :   CONSENT PRELIMINARY ORDER
        - v. -                  :   OF FORFEITURE/
                                :   MONEY JUDGMENT
VAGUE S. TERGALSTANYAN,         :
    a/k/a "Vahe,"               :   21 Cr. 444 (JSR)
    a/k/a "Vic,"                :
        Defendant.              :
------------------------------- x

WHEREAS, on or about July 8, 2021, VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe" and a/k/a "Vic" (the "Defendant"), among others, was charged in Indictment 21 Cr. 444 (JSR) (the "Indictment") with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, on or about December 22, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $632,100 in United States currency, representing the property involved in the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $632,100 in United States currency, representing property involved in the offense charged in Count One of the Indictment, for which the Defendant is jointly and severally liable with co-defendants Yosef Cohen and Igal Ben Hanan (the "Co-defendants"), to the extent forfeiture money judgments are entered against the Co-defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Micah F. Fergenson, of counsel, and the Defendant and his counsel, Edward V. Sapone, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $632,100 in United States currency (the "Money Judgment"), representing property involved in the offense charged in Count One of the Indictment, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant VAGUE SHAGENOVICH TERGALSTANYAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     12/22/22
MICAH F. FERGENSON                      DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637- 2190

VAGUE SHAGENOVICH TERGALSTANYAN

By: _____     12/22/22
VAGUE SHAGENOVICH TERGALSTANYAN         DATE

By: _____     12/22/22
EDWARD V. SAPONE, Esq.                  DATE
Sapone & Petrillo, LLP
40 Fulton Street, 17th Floor
New York, NY 10038

SO ORDERED:

_____          12/22/22
HONORABLE JED S. RAKOFF                 DATE
UNITED STATES DISTRICT JUDGE